IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LG. PHILIPS LCD., CO. LTD,<br>Plaintiff,<br><br>v.<br><br>MICHELE B. BOVIO<br>&<br>ROBERT C. FRAME,<br>Defendants. | Civil Action No. 04-11076 (RCL)<br><br>TRIAL BY JURY DEMANDED |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF PROPERLY RECORDED INVENTORSHIP

Plaintiff LG. Philips LCD Co., LTD ("LPL") for its Complaint against Defendants Michele B. Bovio ("Bovio") and Robert C. Frame ("Frame"), allege and state as follows:

### NATURE OF THIS ACTION

1.  LPL brings this action for declaratory relief, requesting the Court to declare that the inventorship of U.S. Patent No. 5,926,237 ("the '237 patent"), U.S. Patent No. 6,002,457 ("the '457 patent"); U.S. Patent No. 6,020,942 ("the '942 patent"); and U.S. Patent No. 6,373,537 ("the '537 patent") was properly recorded and that Bovio and Frame are not inventors who should have been listed on the '237, '457, '942 and '537 patents.

### THE PARTIES

2.  Plaintiff LPL is a corporation organized under the laws of the Republic of Korea having a place of business located in Seoul, Korea.

1

3.  Defendant Bovio is a former employee of Digital Equipment Corporation ("DEC") and was employed by DEC from 1993 until approximately 2001. While employed by DEC, Defendant Bovio worked in Massachusetts, and lived at 7780 Boylston Street, Apartment 19G, Boston, MA 02199-7817, and attended a meeting in Massachusetts in 1996 related to the technology that Bovio now claims that he invented. Defendant Bovio's last known address in Massachusetts is 7780 Boylston Street, Apartment 19G, Boston, MA 02199-7817.

4.  Upon information and belief, Defendant Frame resides at 3 John Pratt Circle, Westboro, MA 01581-1775, and works in Westboro, Massachusetts. Frame is a former employee of DEC and was employed by DEC from 1984 to 2000. Upon information and belief, while employed by DEC, Frame lived and worked in Massachusetts, and attended a meeting in Massachusetts in 1996 related to the technology that Frame now claims that he invented.

## JURISDICTION AND VENUE

5.  LPL brings this action pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 1 and 256, and seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338(a) (original jurisdiction under patent laws).

7.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) (general venue statute).

## FACTUAL BACKGROUND

8.      On or about July 20, 1999, the '237 patent issued with Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, and Young Un Bang named as inventors. Subsequently, the named inventors of the '237 patent assigned their rights in the '237 patent and related patents to LG Electronics Inc., which in turned assigned its rights to LPL.

9.      On or about December 14, 1999, the '457 patent issued with Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, and Young Un Bang named as inventors. Subsequently, these inventors assigned their rights in the '457 patent and related patents to LG LCD, Inc., which in turn assigned its rights to LPL.

10.     On or about February 1, 2000, the '942 patent issued with issued with Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, and Young Un Bang named as inventors. Subsequently, these inventors assigned their rights in the '942 patent and related patents to LG LCD, Inc., which in turn assigned its rights to LPL.

11.     On or about April 16, 2002, the '537 patent issued with issued with Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, and Young Un Bang named as inventors. Subsequently, these inventors assigned their rights in the '537 patent and related patents to LPL.

12.     On February 28, 2004, Bovio executed a declaration claiming that he and Frame should have been named as inventors on the '237, '457, '942, and '537 patents, and that he had assigned to Digital Equipment Company ("DEC") his rights in the inventions claimed in these patents.

13. On February 24, 2004, Frame executed a declaration claiming that he and Bovio should have been named as inventors on the '237, '457, '942, and '537 patents, and that he had assigned to DEC his rights in the inventions claimed in these patents.

14. Bovio and Frame provided their declarations to Chunghwa Picture Tubes Co., Ltd. ("CPT"). In a letter dated March 4, 2004, CPT asserted that it intended to bring claims against LPL in the Central District of California based on the claims made by Bovio and Frame in their declarations, including a claim for correction of inventorship pursuant to 35 U.S.C. § 256. On information and belief, Bovio and Frame are acting in concert with CPT to take actions calculated to damage LPL's ability to license and enforce the '237, '457, '942, and '537 patents.

15. A real and justiciable controversy now exists between LPL and Bovio because Bovio asserts that he should have been named as an inventor on the '237, '457, '942, and '537 patents and is actively participating in CPT's threatened action against LPL to change the inventors of the '237, '457, '942, and '537 patents.

16. A real and justiciable controversy now exists between LPL and Frame because Frame asserts that he should have been named as an inventor on the '237, '457, '942, and '537 patents and is actively participating in CPT's threatened action against LPL to change the inventors of the '237, '457, '942, and '537 patents.

## COUNT I
### (Declaratory Judgment of Correct Recordation of Inventorship)

17. LPL incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18.     The '237, '457, '942, and '537 patents named Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, and Young Un Bang as the inventors.

19.     Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, and Young Un Bang are the sole inventors of the '237, '457, '942, and '537 patents. Bovio and Frame are not inventors of the claimed subject matter of the '237, '457, '942, and '537 patents.

**WHEREFORE**, Plaintiff prays for a judgment from the Court against Defendants as follows:

(a)     A declaration that the recordation of inventorship for the '237, '457, '942, and '537 patents is correct in that they name only Hee Young Yun, Kyo Hun Moon, Byeong Yun Lee, Yong Bum Kim, and Young Un Bang;

(b)     A declaration that the Bovio and Frame are not inventors of either the '237, '457, '942, or '537 patents;

(c)     A permanent injunction prohibiting Bovio and Frame from asserting or threatening to assert a claim under 35 U.S.C. § 256 for correction of inventorship to name them as inventors of the '237, '457, '942, and '537 patents; and

(d)     Such other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff LG. Philips LCD Co., Ltd. hereby demands a trial by jury on all issues properly triable by jury.

5

Dated: July 9, 2004

Plaintiff,
By its attorneys,

_____
Robert A. Murphy (BBO No. 363700)
Andrew M. Higgins (BBO No. 233800)
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

Of Counsel:
Anthony C. Roth
Corinne A. Niosi
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Fax: (202) 739-3001

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party by first class mail, postage pre-paid, on July 9, 2004.

_____
Andrew M. Higgins

8232.0/325727.1