UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LG. PHILIPS LCD., CO., LTD., )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, 　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>MICHELE B. BOVIO　　&　　　　)<br>ROBERT C. FRAME, 　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>Defendants.　　　　　　　　　　　)<br>_____ ) | CIVIL ACTION NO. CV-04 11076 (RCL) |

### FRCP 12(b)(1) MOTION OF DEFENDANT ROBERT C. FRAME TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to FRCP 12(b)(1) of the Federal Rules of Civil Procedure, defendant Robert C. Frame ("Frame") respectfully requests that this Court dismiss plaintiff LG. Philips LCD., Co. Ltd.'s ("LPL") claims against him in this matter. Pursuant to both Article III and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, this Court lacks subject matter jurisdiction unless LPL can prove an "actual controversy" between the named parties. Here, there is no actual controversy between LPL and Frame because (1) Frame has not created in LPL a "reasonable apprehension" that he will bring an action under 35 U.S.C. § 256 to correct inventorship on the patents at issue in this case ("Side-Mount Patents"), and (2) Frame does not have a right to bring such an action. Through his counsel, Frame has advised LPL in writing that he will *not* sue to correct inventorship on these patents. As LPL has argued in another litigation involving these same Side-Mount Patents, that statement in itself defeats subject matter jurisdiction. Further, Frame does not have the *right* to bring an action to correct inventorship under section 256 given that he has assigned all of his rights in the Side-Mount Patents to his previous employer, and, therefore, Frame lacks a present ownership, financial or other interest necessary to confer standing to sue LPL on the Side-Mount Patents.

Even setting aside the "actual controversy" requirement, this Court should exercise its broad discretion in dismissing this case in favor of LPL's other currently-pending lawsuits concerning the Side-Mount Patents. On August 29, 2002, LPL filed a patent infringement action against three defendants - Chunghwa Picture Tubes, Ltd. ("CPT"), Tatung Co. of America and Tatung Company – in the Central District of California. The only issue raised by LPL's First Amended Complaint here – the inventorship of the Side-Mount Patents – is squarely before Judge Consuelo B. Marshall in the California case, having been raised in CPT's original Answer and Counterclaims and is also the primary basis for CPT's motion for summary judgment set for hearing on August 9, 2004. Frame suspects that LPL filed this case hoping to litigate the inventorship issue from a clean record with additional time for discovery and to intimidate and harass Frame and defendant Michele B. Bovio and discourage them from cooperating as fact witnesses in the California case. In order to avoid inconsistent decisions and wasting the parties' and the court's resources, this case should be dismissed in favor of the California case filed by LPL nearly two years ago.

The legal and factual support for this Motion is set forth in the attached Memorandum of Law.

## REQUEST FOR ORAL ARGUMENT

Pursuant to D. Mass. LR 7.1(d), defendant Robert C. Frame believes that oral argument may assist the Court and hereby requests oral argument on this motion.

The Defendant,
ROBERT C. FRAME
By his Attorneys,

_____
Andria Coletta (BBO No. 636930)
TAYLOR DUANE BARTON & GILMAN, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8200
(617) 482-5350-Facsimile

Of Counsel:
Teresa M. Corbin
Glenn W. Rhodes
Christopher A. Mathews
Brian S. Kim
Michael L. Resch
HOWREY SIMON ARNOLD & WHITE, LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Fax: (213) 892-2300

## CERTIFICATE OF COUNSEL

I, Andria Coletta, attorney for defendant, Robert C. Frame, hereby certify that the parties conferred prior to filing the above motion in accordance with Local Rule 7.1. I further certify that, on July 22, 2004, I mailed a copy of the following FRCP 12(b)(1) Motion of Defendant Robert C. Frame To Dismiss For Lack of Subject Matter Jurisdiction by regular mail, postage prepaid, to Andrew M. Higgins, Casner & Edwards, LLP, 303 Congress St., Boston, MA 02210 and Anthony C. Roth, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Ave., N.W., Washington, D.C. 20004.

_____
Andria Coletta BBO No. 636930

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION .................................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND.........................................................4

    A. Brief History Of The Technology Underlying The Side-Mount Patents ..................................................................................................4

    B. Background Of LPL's Side-Mount Patent Litigation.............................................6

        1. In The California Action, *LPL* Filed A Motion To Dismiss On The Same Grounds Upon Which Frame Brings This Motion ........................................................................................6

        2. CPT Discovered That The True Inventors Were Not Identified In The Side-Mount Patents ...................................................7

        3. Frame Has Advised LPL That He Will *Not* Sue LPL To Correct Inventorship On The Side-Mount Patents ....................................9

III. THE COURT SHOULD DISMISS LPL'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION .............................................................10

    A. LPL Must Establish An Actual Controversy Sufficient To Satisfy The Jurisdictional Requirements ..................................................................10

    B. There Is No Actual Case Or Controversy Between LPL And Frame ..............................................................................................................11

        1. Frame Has Not Created In LPL A Reasonable Apprehension That He Will Bring A Section 256 Action; To The Contrary, Frame Has Explicitly Advised LPL That He Will *Not* Bring Such An Action...........................................................................................12

        2. Because He Has Assigned All Of His Rights In The Side-Mount Patents, Frame Does Not Have The Right To Bring An Action Under Section 256 ..............................................14

IV. IN LIGHT OF THE PENDING ACTION IN THE CENTRAL DISTRICT OF CALIFORNIA AND LPL'S BAD FAITH CONDUCT, THE COURT SHOULD DISMISS LPL'S CLAIM ...........................................16

    A. This Court Should Dismiss LPL's Claim In Favor Of The Pre-Existing And Ongoing California Action Involving These Same Patents.................................................................................................16

    B. LPL's Bad Faith Conduct Also Warrants Dismissal .............................................18

V. CONCLUSION.................................................................................................................20

## TABLE OF AUTHORITES

Page(s)

**CASES**

*Abbott Labs. v. Gardner*,
   387 U.S. 136 (1967) .................................................................................................. 16

*Airport Surface Techs., L.L.C. v. FieldTurf, Inc.*,
   268 F. Supp.2d 999 (N.D. Ill. 20) ............................................................................ 10

*Bausch & Lomb Inc. v. CIBA Corp.*,
   39 F. Supp. 2d 271 (W.D.N.Y. 1999) ................................................................ 17, 18

*Boston & Maine Corp. v. United Transp. Union*,
   110 F.R.D. 322 (D. Mass. 1986) ............................................................................... 17

*Cedars-Sinai Med. Ctr. v. Watkins*,
   11 F.3d 1573 (Fed. Cir. 1993) ................................................................................... 11

*Chiron Corp. v. Advanced Chemtech, Inc.*,
   869 F. Supp. 800 (N.D. Ca. 1994) ............................................................................ 18

*Chou v. Univ. of Chicago*,
   254 F.3d 1347 (Fed. Cir. 2001) ................................................................................. 15

*Cole v. Gummow*,
   No. 3-02-CV-0705, 2003 U.S. Dist. LEXIS 18925 (N.D. Tx. Oct.
   22, 2003) ................................................................................................................... 15

*Cygnus Therapeutic Sys. v. Alza Corp.*,
   92 F.3d 1153 (Fed. Cir. 1996) ................................................................................... 16

*Davox Corp. v. Digital Sys. Int'l, Inc.*,
   846 F. Supp. 144 (D. Mass. 1993) ............................................................................ 19

*EMC Corp. v. Norand Corp.*,
   89 F.3d 807 (Fed. Cir. 1996) ......................................................................... 14, 16, 18

*Fina Oil & Chem. Co. v. Ewen*,
   123 F.3d 1466 (Fed. Cir. 1997) ..................................................................... 10, 12, 14

*GAF Bldg. Materials Corp. v. Elk Corp.*,
   90 F.3d 479 (Fed. Cir. 1996) ..................................................................................... 10

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
   820 F.2d 1209 (Fed. Cir. 1987) ................................................................................. 10

*Gates Constr. Corp. v. Koschak*,
   792 F. Supp. 334 (S.D.N.Y. 1992) ............................................................................ 17

*Green v. State ex rel. Faircloth*,
   318 F. Supp. 745 (S.D. Fla. 1970) ............................................................................. 17

*GTE Directories Publishing Corp. v. Trimen Am., Inc.*,
    67 F.3d 1563 (11th Cir. 1995) ................................................................................ 14

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
    896 F.2d 1542 (9th Cir. 1989) .......................................................................... 13, 14

*Hewlett-Packard Co. v. GenRad, Inc.*,
    882 F. Supp. 1141 (D. Mass. 1995) .................................................................. 10, 13

*Hooker v. Burson*,
    960 F. Supp. 1283 (M.D. Tenn. 1996) .................................................................... 17

*Indium Corp. of Am. v. Semi-Alloys, Inc.*,
    781 F.2d 879 (Fed. Cir. 1985) ................................................................................ 14

*Int'l Harvester Co. v. Deere & Co.*,
    623 F.2d 1207 (7th Cir. 1980) ................................................................................ 17

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
    248 F.3d 1333 (Fed. Cir. 2001) .............................................................................. 11

*McGraw-Edison Co. v. Preformed Line Prods. Co.*,
    362 F.2d 339 (9th Cir. 1966) .................................................................................. 17

*N. Telecom Inc. v. Wang Labs.*,
    543 F. Supp. 1026 (D. Mass. 1982) .................................................................. 10, 16

*PHC, Inc. v. Pioneer Healthcare, Inc.*,
    75 F.3d 75 (1st Cir. 1996) ...................................................................................... 14

*Rocovich v. United States*,
    933 F.2d 991 (Fed. Cir. 1991) ................................................................................ 11

*Shell Oil Co. v. Amoco Corp.*,
    970 F.2d 885 (Fed. Cir. 1992) ................................................................................ 10

*Spectronics Corp. v. H.B. Fuller Co.*,
    940 F.2d 631 (Fed. Cir. 1991) ................................................................................ 10

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
    57 F.3d 1054 (Fed. Cir. 1995) ................................................................................ 12

*Sweetheart Plastics, Inc. v. Ill. Tool Works, Inc.*,
    439 F.2d 871 (1st Cir. 1971) .................................................................................. 17

*Vesture Corp. v. Thermal Solutions, Inc.*,
    284 F. Supp.2d 290 (M.D.N.C. 2003) .................................................................... 13

*W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
    751 F.2d 721 (5th Cir. 1985) .................................................................................. 16

## STATUTES

28 U.S.C. § 2201(a) ........................................................................................................ 10

35 U.S.C. § 256 ............................................................................................................. 9, 12, 14

Fed. R. Civ. Proc. 12(b)(1) ..................................................................................................... 10

## OTHER AUTHORITIES

U.S. Const. Art. III, § 2 .......................................................................................................... 10

## RULES

Central District of California Local Rule 7-3 ........................................................................ 8