UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LG. PHILIPS LCD CO., LTD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. CV-04 11076 (RCL) |
| ) | |
| MICHELE B. BOVIO & ) | |
| ROBERT C. FRAME, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
LPL'S OPPOSITION TO DEFENDANT FRAME'S FRCP 12(b)(1)
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Local Rule 7.1, Plaintiff LG. Philips LCD Co., Ltd. ("LPL") hereby submits its memorandum of law in opposition to the motion to dismiss for lack of subject matter jurisdiction filed by defendant Robert C. Frame ("Frame").

## I.   INTRODUCTION

There is a real and actual controversy between Plaintiff LPL and Defendant Frame. Frame affirmatively claims that he should be named as an inventor on patents owned by LPL. Specifically, he has asserted that the five inventors listed on LPL's patents are incorrect, and that in fact, he and Michele B. Bovio ("Bovio") are the true and correct inventors of LPL's patents. Given that LPL wholly disagrees with Frame, there is a real and immediate conflict between LPL and Frame. Accordingly, LPL filed this declaratory judgment action for a declaration that the five inventors listed on LPL's

patents are the true and correct inventors, and that Frame and Bovio are not inventors of LPL's patents and thus properly were not listed on the patents.

Frame's argument that this Court lacks subject matter jurisdiction over LPL's declaratory judgment action is based on the theory that Frame has now given LPL a "promise not to sue" LPL to correct the inventorship. Frame's promise, in light of the totality of the circumstances, is wholly illusory. In another action pending in California, Frame submitted a sworn declaration that he is an inventor of LPL's patents. Frame also gave sworn deposition testimony that he is an inventor of LPL's patents. Frame, in concert with another entity, ChungHwa Picture Tubes. Ltd. ("CPT"), seeks to correct the allegedly incorrect inventorship and to have Frame's name inserted as a true and correct inventor. Frame's purported promise not to sue is meaningless because Frame is already taking steps to correct the inventorship. Frame's assertion of inventorship has put a cloud over LPL's title to its patents, and until this Court adjudicates otherwise, there is no end to Frame's threats and LPL's apprehension.

## II.   FACTUAL BACKGROUND

### A.    LPL's Patent Infringement Lawsuit Against CPT

In 2002, LPL filed an action for patent infringement in the U.S. District Court for the Central District of California against ChungHwa Picture Tubes. Ltd. ("CPT") and other defendants (the "California Action"). *See* Affidavit of Michael L. Resch[1] ("Resch Aff."), Exs. 8,11. The six patents-in-suit fall into two categories: (1) four patents relate

---

[1] The Resch Affidavit was filed with Frame's Motion to Dismiss for Lack of Subject Matter Jurisdiction in support of that motion.

to the technology used to mount liquid crystal displays (referred to as the "Side-Mount Patents");[2] and (2) two patents relate to the semiconductor structure used in liquid crystal displays and their formation (referred to as "Semiconductor Patents"). *Id.* In February 2004, the parties completed briefing on disputed claim terms of the patents-in-suit and submitted tutorials to explain the technology involved in the case. Declaration of Anthony C. Roth ("Roth Decl.") Ex. A. The California Court was scheduled to conduct a claim construction hearing on April 5, 2004. *Id.*

In March 2004, on the eve of claim construction and almost two years into the California Action, CPT raised a challenge to the inventorship and ownership of LPL's Side-Mount Patents.[3] Resch Aff. Ex. 23. In support of its claim, CPT submitted a declaration from Frame, a declaration from Bovio, and certain documents received from Bovio and Hewlett-Packard, a third party. *Id.* Ex. 24. When LPL sought to speak with Frame and Bovio, CPT announced that its counsel represented Frame and Bovio. Roth Decl. Ex. B. When LPL sought access to the originals of the documents mentioned in Frame's and Bovio's declarations in March and April 2004, CPT's counsel again

---

[2] The four Side-Mount Patents that are the subject of the inventorship claim are: U.S. Patent Nos. 6,373,537; 6,020,942; 6,002,457; and 5,926,237.

[3] The "Factual and Procedural Background" of Frame's memorandum of law supporting his motion to dismiss is replete with factual assertions that appear to be taken nearly verbatim from the filings in the California Action, including CPT's motion to amend its answer and counterclaims and CPT's motion for summary judgment. LPL controverted these facts in opposing CPT's motions by filing declarations and documentation that demonstrated that the named inventors are the proper and only inventors of the Side-Mount Patents. After LPL filed its opposition and supporting declarations and documentation, CPT withdrew its entire summary judgment motion. Most of the facts that Frame includes in his "Factual and Procedural Background" section bear only on the merits of LPL's First Amended Complaint filed in this Court, not on whether this Court has subject matter jurisdiction. Because the facts pertaining to the merits of the First Amended Complaint are not relevant to Frame's motion to dismiss, LPL will not burden the record with the materials that LPL filed in opposing CPT's summary judgment motion simply to prove that LPL disputes Frame's recitation of the facts.

intervened and did not make the documents available for inspection until June 2004.[4] Roth Decl. Ex. C. LPL finally obtained access to Frame pursuant to a deposition subpoena. *Id.* Exs. D, E. At his deposition, Frame refused to answer many questions, claiming that he had an attorney-client relationship with CPT's counsel that extended back more than a year.[5] *Id.* Ex. F.

In the California Action, CPT alleges that the five inventors of the Side-Mount patents are incorrect and that the "true and correct" inventors are two other individuals, Frame and Bovio. *See* Resch Aff., Exs. 28, 33. CPT has filed a motion for leave to amend its pleadings in the California Action to include, among other things, a claim for correction of inventorship pursuant to 35 U.S.C. § 256 to replace the named inventors on the Side-Mount Patents with Frame and Bovio. *Id.* Ex. 33. Most of the amendments that CPT has proposed are dependent on the factual assertions in Frame's and Bovio's declarations from Bovio, and on documents mentioned in Frame's and Bovio's declarations.[6] *Id.* Ex. 24. Indeed, the factual allegations in CPT's proposed amended complaint are taken nearly word for word from the Frame and Bovio declarations.[7] The factual backdrop for this inventorship dispute is a joint development project between

---

[4] Upon expert analysis, it was learned that all of the critical March 1996 entries in Bovio's notebooks had been added in an ink different from the entries on the remainder of the pages.

[5] LPL obtained Bovio's deposition only after moving to compel that discovery. Like Frame, Bovio refused to answer certain questions, claiming that his attorney-client relationship with CPT's counsel extends back into 2003.

[6] CPT also moved for summary judgment that LPL did not have standing to assert the Side-Mount Patents because Frame and Bovio were the inventors of those patents. In support of its motion, CPT filed the declaration of Frame and two declarations from Bovio. CPT withdrew the motion within days of the filing of LPL's opposition brief.

[7] In addition, CPT filed its motion to amend simultaneously with its motion for summary judgment on the issue of LPL's standing.

Digital Equipment Corporation ("DEC") and LG. Electronics, Inc. ("LGE") called "Project X" back in the 1995-1997 time period. Frame and Bovio are a former employee and former consultant of DEC, respectively. The five listed inventors are current or former employees of LGE.

Given Frame and Bovio's assertions of inventorship, on May 24, 2004, LPL filed this current lawsuit against Frame and Bovio to have this court declare that the five named-inventors are indeed the correct inventors and that Frame and Bovio are not inventors of LPL's Side-Mount patents. Given that Frame and Bovio continue to act as CPT's agents and continue to claim that they are the true and correct inventors of the Side-Mount patents, and indeed, that the five listed inventors are not and should be removed as inventors, this Court has jurisdiction over LPL's claims.

### B.    Frame's Conduct, In Concert With CPT, Has Created Not Only A Reasonable, But Real, Apprehension Of Suit

On June 21, 2004, CPT filed a motion for leave to amend its pleadings in the California Action. Fifteen, if not more, of CPT's proposed new claims are premised upon Frame and Bovio's contention that they are the true and correct inventors of the Side-Mount Patents and not the five persons listed on the Side-Mount Patents. Resch Aff., Ex. 33. On the same day that CPT filed its motion to amend in the California Action, CPT submitted Frame's fourteen-page declaration, in which he affirmatively states that he and Bovio are the true and correct inventors of the Side-Mount patents. Similarly, Bovio submitted two declarations, attaching copies of his alleged notebook pages, as support for his affirmative claim that he and Frame are the true and correct inventors of the side-mount patents.

5

There is no dispute that Frame claims to be one of the inventors of LPL's Side-Mount Patents. This is not a case of a disinterested third-party witness, to whom both parties have access regarding facts underlying their private dispute. Quite to the contrary, numerous facts show that Frame, in concert with CPT, is actively trying to change the inventorship listed in the Side-Mount Patents. During the deposition of Frame in connection with CPT's now-withdrawn summary judgment motion, Frame testified that he was first contacted by CPT's counsel in July of 2003. Roth Decl., Ex. F. Since that time, Frame and CPT have been working together to establish that Frame and Bovio are the alleged inventors of LPL's Side-Mount Patents. *Id.* CPT's counsel, Howrey Simon, represents CPT and other defendants, in the California Action. Howrey Simon also represents Frame. *Id.* The Frame declaration submitted in the California Action appears to have been drafted by CPT's attorneys at Howrey Simon. For example, it is virtually identical to Bovio's declaration and is formatted according to the particular requirements in the United States District Court for the Central District of California. *Compare* Resch, Aff., Exs. 1 *with id.* Ex. 2. And, Howrey Simon represented Frame during his deposition in the California Action. Roth Decl. Ex. F. Indeed, when asked during his deposition about his conversations with Howrey Simon lawyers, counsel instructed Frame not to answer based on the "attorney-client privilege." *Id.* It is of no surprise that Howrey Simon also represents Frame in this declaratory judgment action before this Court.

Frame has affirmatively asserted that he is an inventor of the Side-Mount Patents, and wants to be listed as an inventor of the Side-Mount Patents. *See* Resch Aff., Ex. 1. He has not withdrawn that claim and continues to work with CPT to have inventorship on the Side-Mount Patents changed. There is no question that Frame's (and Bovio's)

assertion of inventorship has created a cloud over LPL's title to the Side-Mount Patents. Indeed, based on Frame and Bovio's assertion of inventorship, CPT has been issuing press releases and taking out advertisements asserting beyond the California Action that "the true inventors of these LPL patents worked for DEC." Roth Decl., Ex. G.

### III. THIS COURT HAS SUBJECT-MATTER JURISDICTION OVER THE DECLARATORY JUDGMENT ACTION

#### A. LPL Has Satisfied The Jurisdictional Requirements To Maintain This Declaratory Judgment Action

A plaintiff in a declaratory judgment action "'need only satisfy the jurisdictional requirement that the conflict be real and immediate, *i.e.*, that there be a true, actual 'controversy' required by the [Declaratory Judgment] Act.'" *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1470 (Fed. Cir. 1997) (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988)). As the Federal Circuit has held, a declaratory plaintiff patentee, seeking a declaration that the named inventors on the subject patent were properly named, "may establish an actual controversy . . . by averring: (1) that it holds a recognized interest in a patent that could be adversely affected by an action brought under section 256, and (2) another party with a right to bring an action under section 256 has created in the declaratory plaintiff a reasonable apprehension that it will do so." *Id.* at 1471. In the present action, both prongs of the two-prong test for an "actual controversy" are met.

#### 1. There Is No Question That LPL Holds A Cognizable Interest

As the owner and assignee of the Side-Mount Patents, LPL hold a cognizable interest in the Side-Mount Patents that could be adversely affected by an action brought under 35 U.S.C. § 256. This statute states, in pertinent part:

7

> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

35 U.S.C. ᴈ 256 (2001). In Frame's motion to dismiss, Frame does not dispute that LPL holds a cognizable interest. Accordingly, LPL has satisfied the first prong of the actual controversy analysis.

### 2. Frame, In Concert With CPT, Has Created A Reasonable And Real Apprehension Of Suit

The second prong of the actual controversy analysis, as set forth by the Federal Circuit, requires that "**another party** with a right to bring an action under section 256 has created in the declaratory plaintiff a reasonable apprehension that it will do so." *Fina Oil*, 123 F.3d at 1471 (emphasis added).

In this case, multiple parties – all with a right to bring an action under Section 256 – have created more than a reasonable apprehension that they will seek a court adjudication to correct the inventorship of LPL's Side-Mount Patents. Frame, as the alleged non-joined inventor, has a right to bring an action under Section 256 to correct the inventorship. To that end, Frame has provided a fourteen-page declaration in the California Action, affirmatively stating that he and Bovio are the true and correct inventors of the Side-Mount patents, and CPT has relied on those assertions to prepare its proposed amended complaint, including adding a Section 256 action.

Similarly, Bovio, as another alleged non-joined inventor, also has a right to bring an action under Section 256 to correct the inventorship. To that end, and again in support of CPT's efforts to assert a Section 256 and other claims based on inventorship

8

allegations, Bovio has provided not one, but two declarations in the California Action. He has also attached copies of his alleged notebook pages, as support for his affirmative claim that he and Frame are the true and correct inventors of the side-mount patents.

More telling, however, is the fact that CPT claims to be the purported assignee of the Side-Mount Patents. If that is correct, and if Frame and/or Bovio are found to be inventors, CPT too would have a right to bring an action under Section 256 to correct the inventorship. Indeed, in the California Action, CPT right now is seeking to do just that—to amend its answer and counterclaim to add a claim for relief to correct inventorship under Section 256 as well as other claims based on Frame's and Bovio's allegations. *See* Resch Aff. Ex. 33. Thus, not only is there a *threat* of lawsuit, CPT has already filed a motion for leave to amend its counterclaim to correct the inventorship that goes to the heart of this dispute. Thus, there is *actual* litigation on the very issue that LPL raises in this Court.[8]

These facts demonstrate that Frame, by his affirmative conduct, has created more than a reasonable apprehension in LPL that <u>another party</u> (CPT) will bring a Section 256 action to correct inventorship of the Side-Mount Patents based on Frame's and Bovio's allegations. Because Frame is working with CPT and CPT's counsel to adjudicate his inventorship claims, CPT's and Frame's conduct are for all practical purposes one and the same. There would be no Section 256 claim by CPT absent Frame's and Bovio's claims and declarations. Frame is a patent agent and thus knew or should have known that the

---

[8] LPL cannot bring this action before the court in California because, as far as LPL has been able to learn, Frame and Bovio do not have the requisite contacts with the California forum necessary for that court to exercise personal jurisdiction over them. The only connection between California and Frame or Bovio appears to be the submission of declarations to the court in California. Accordingly, LPL was forced to bring this action in Massachusetts where there is jurisdiction over both Frame and Bovio.

direct consequence of his collaboration with CPT would be a Section 256 action based on his claims and a real controversy with LPL. Therefore, Frame, Bovio, and CPT have created a reasonable (and real) apprehension that they will file an action to adjudicate the inventorship issue. Frame misses the point when he argues that LPL cannot rely on CPT's conduct to create the dispute. *See* Frame Mem. P&A at 14. LPL is not relying on CPT's conduct in and of itself. Rather, LPL is relying on the evidence that CPT and Frame are working as one in their efforts. The dispute here, thus, *is* between the parties to this litigation. Accordingly, LPL has satisfied the second prong of the actual controversy analysis.[9]

### 3. The "Totality of the Circumstance" Shows That LPL Has A Reasonable And Real Apprehension Of Suit

Even in cases where there is a purported "promise not to sue," courts look beyond just the words being mouthed to the totality of the circumstances, including the party's conduct, to determine declaratory judgment jurisdiction. *See Vanguard Research, Inc. v. Peat, Inc.*, 304 F.3d 1249, 1255 (Fed. Cir. 2002) (although defendant had repeatedly stated that it does not intend to sue, there was a reasonable apprehension of suit). "'[A]n examination of the totality of the circumstances must be made to determine whether there is a controversy . . . .'" *Id.* at 1254 (quoting *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed. Cir. 1983) (alteration in original). "Although the best evidence of a reasonable apprehension of suit comes in the form of an express threat of litigation, an express threat is not required." *Id.* "To invoke the court's declaratory judgment jurisdiction, a plaintiff must show 'more than the nervous state of mind of a possible infringer,' but does not

---

[9] To the extent that Frame relies on the fact that CPT is not a party to action in this Court to argue that there is an insufficient case or controversy, LPL would seek leave to add CPT as a defendant to this action, in accordance with Local Rule 15.1.

have to show that the patentee is 'poised on the courthouse steps.'" *Id*. at 1254-55 (citations omitted).

Here, the purported "promise not to sue" by Frame is completely illusory because Frame, in essence, has already sued LPL. Frame has actively participated in the California Action by claiming in court filings that he is an inventor of the Side-Mount Patents, by testifying in a deposition that he is the inventor, and also by retaining CPT's counsel. Frame has submitted a sworn declaration and gave a sworn testimony that he is an inventor of the Side-Mount Patents. Through CPT, Frame seeks to have his name put on the Side-Mount Patents as an inventor. There is no dispute that CPT and Frame are working together, in concert, to establish that Frame and Bovio are allegedly the inventors of the Side-Mount Patents.

Frame's empty promise not to sue rings hollow in light of his close collaboration with CPT. The fact that Frame, himself, may not sue, but CPT can sue (based on Frame's assertions of inventorship) cannot shield Frame from the letter and sprit of the Declaratory Judgment Act. Because of Frame's assertions of inventorship, CPT is touting to the public that LPL's Side-Mount Patents have incorrect inventorships, thus questioning LPL's rights to the Side-Mount Patents. There is no question that Frame's (and Bovio's) assertion of inventorship has created a cloud over LPL's title to the Side-Mount Patents and, until this Court adjudicates otherwise, or Frame and Bovio withdraw their claim for inventorship, the very real harm to LPL caused by Frame's claims and the very real controversy over inventorship will continue.[10]

---

[10] Frame attempts to draw an analogy between his motion to dismiss and LPL's and LGE's motion to dismiss a counterclaim filed by another counterclaim plaintiff (Tatung) if the California action. There is simply no comparison between these two motions. In the instant case, Frame has prepared a declaration asserting inventorship knowing that the

11

Accordingly, the totality of the circumstances warrant a finding that LPL has a reasonable apprehension of suit.

### 4. An Assignment Of All Rights By Frame Does Not Deprive Him As An Alleged Inventor Of His Right To Sue Under 35 U.S.C. § 256

Frame alleges that his "lack of any ownership or other concrete financial interest in the Side-Mount Patents forecloses his ability to establish Article III standing to bring a section 256 action," and cites to *Chou v. Univ. of Chicago*, 254 F.3d 1347 in support. Def.'s Mot. Dismiss at 15. Frame grossly misstates the holding and the import of the *Chou* case.

In *Chou*, the issue before the Federal Circuit was "whether a putative inventor who is obligated to assign her invention to another is entitled to sue for correction of inventorship under § 256 action." *Id.* at 1358. The court held that "an expectation of ownership of a patent is not a prerequisite for a putative inventor to possess standing to sue to correct inventorship under § 256." *Id.* (Emphasis added). "The interest of both inventors and the public are thus served by a broad interpretation of the [§ 256] statute." *Id.* The court also noted that an assertion that reputational interest is enough to confer Article III standing, "is not implausable." *See Chou* 254 F.3d at 1359.

Whether Frame would or would not own the LPL's Side-Mount Patents has no bearing on the inventorship analysis. Regardless of Frame's ownership interest in the LPL's Side-Mount Patents, Frame may be added as an inventor to the Side-Mount Patents

---

declaration would be used by CPT in the California Action. That declaration wholly undermines the credibility of his counsel's letter stating that he does not intend to assert a § 256 action against LPL. In contrast, LPL's and LGE's promises not sue were free and clear of any prior assertions to the contrary, and there were no actions pending or threatened anywhere regarding the patent that was at issue in Tatung's counterclaim.

if he is adjudged to be an inventor. Thus, Frame clearly has an interest in being named as an inventor. If Frame truly has no interest in being named as an inventor, Frame can say so, withdraw all of the claims he has made in his declaration and his deposition to be an inventor, and cease his collaboration with CPT's counsel to have himself named an inventor of LPL's Side-Mount Patents.

### B. LPL Should Be Allowed To Conduct Discovery To Determine Frame's Relationship With CPT

If Frame continues to argue that he is a "disinterested" party, then LPL should be given the opportunity to conduct discovery relating to those facts. Where jurisdictional facts are in dispute, Courts allow discovery on subject matter jurisdiction. *See, e.g., Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged"); *see also River-Flores v. Puerto Rico Telephone Co.*, 64 F.3d 742, 748 (1st Cir. 1995). Similarly, when parties dispute the existence of personal jurisdiction, courts often allow them to conduct discovery to establish or refute personal jurisdiction. *See Daynard v. Ness, Motley, Loadhold, Richardson & Poole, PA*, 284 F. Supp. 2d 204, 211 (D. Mass. 2003) (noting that court granted limited jurisdictional discovery when motion to dismiss for lack of personal jurisdiction was filed).

As discussed above, Frame has actively participated in the California Action by submitting a declaration written by CPT's counsel asserting his inventorship in the Side-Mount Patent technology and establishing close and legally significant ties with CPT and its counsel. This course of conduct by Frame, in totality, supports LPL's fear that Frame and CPT are in reality one and the same entity for purposes of the threatened and real Section 256 action. Frame's affirmative assertions of inventorship has allowed CPT to

make press releases and take out advertisements touting the challenge to inventorship and claiming $1 billion damages against LPL.

Accordingly, LPL should be given the opportunity to refute Frame's alleged status as a disinterested third-party and establish the full nature and scope of his involvement in CPT's Section 256 claim through CPT's counsel. For example, LPL should be permitted the nature and extent of the conversations Frame has had, or is having, with CPT and with Bovio about the inventorship issue. Indeed, Frame seems to concede that discovery would be appropriate, in light of his citation to *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991), for the proposition that the court may consider evidence in deciding his motion. *See* Frame Mem. P&A at 11.

## IV. MASSACHUSETTS IS THE PROPER FORUM FOR DECIDING THE INVENTORSHIP ISSUE

Frame further asserts that the doctrine of comity favors granting Frame's Motion to Dismiss. Specifically, Frame claims that dismissal in favor of a pending lawsuit allegedly involving the same issues not only preserves judicial resources, but also protects the danger of two district courts reaching inconsistent ruling. Frame's assertion that these issues are before the California court is disingenuous.

This Court has articulated factors to be considered when exercising its discretion in accepting or declining jurisdiction. In *DuPont Pharmaceuticals Co. v. Sonus Pharmaceuticals, Inc.*, 122 F. Supp. 2d 230 (D. Mass 2000), the Court stated, "[f]actors to be considered in exercising this discretion include judicial and litigant economy, the just and effective disposition of disputes, ***the possible absence of jurisdiction over all necessary and desirable parties***, as well as a balancing of conveniences that may favor the second forum." *Id.* at 231 (emphasis added).

14

Frame and Bovio are not parties in the California Action. In fact, although CPT filed a motion for leave to amend the answer and counterclaim to add a cause of action to correct inventorship under Section 256, CPT did not add Frame or Bovio as a party. This Court is thus the proper forum to resolve any challenges to the inventorship issue because this Court has jurisdiction over Frame, who is a Massachusetts resident. In addition, the alleged joint development project that forms the basis for Frame's claim to inventorship occurred in Massachusetts (and in Korea) back in the 1990s time period. Thus, LPL has no choice but to bring this action in Massachusetts.[11] Indeed, many of the critical meetings occurred in Acton, Massachusetts. With all the interested parties before it, this Court can make the determination whether the five listed inventors are the only true and correct inventors, or if Frame and Bovio should be added as inventors.

## V.  CONCLUSION

For all the foregoing reasons, LPL respectfully requests that the Court deny Frame's motion to dismiss for lack of subject matter jurisdiction.

Dated: August 5, 2004

Plaintiff,
By its attorneys,

Robert A. Murphy (BBO No. 363700)
Andrew M. Higgins (BBO No. 233800)
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900

---

[11] LPL has filed a motion to stay the Side-Mount Patents action in the California action, except as to Claim Construction, so that this Court can adjudicate the alleged inventorship issues.

Of Counsel:
Anthony C. Roth
Corinne A. Niosi
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Fax: (202) 739-3001

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party by first class mail, postage pre-paid, on August 5, 2004.

_____
Andrew M. Higgins