UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L.G. PHILIPS LCD., CO. LTD )<br>   Plaintiff     )<br>            )<br>v.             )<br>            )<br>MICHELE B. BOVIO, and   )<br>ROBERT C. FRAME     )<br>   Defendants    )<br>_____) | Civil Action No. 04-11076 (RCL) |

## MOTION OF DEFENDANT ROBERT C. FRAME FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF HIS FRCP 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Robert C. Frame ("Frame") hereby moves for leave to file a reply to Plaintiff L.G. Philips LCD Co., Ltd.'s ("LPL") Opposition to Frame's FRCP 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Opposition").

LPL has raised issues and arguments not addressed in Frame's motion. For example, LPL has made the following arguments that were not specifically addressed in Frame's motion:

- ***First***, notwithstanding Frame's written and unambiguous promise not to sue LPL, LPL argues that Frame's promise is "wholly illusory" (*see* Opposition at 2, 11 ("Frame, in essence, has already sued LPL");

- ***Second***, LPL ignores the law cited in Frame's motion and memorandum of points and authorities in support ("Frame's Memorandum") that there must be a dispute "*between the parties*" (*see* Frame's Memorandum at 14) – *i.e.*, between LPL and Frame. Instead, LPL argues that Frame is acting in concert with CPT to change the inventors listed in the patents at issue here and, without any legal support, LPL argues that Frame's relationship with CPT is sufficient to provide the Court with subject matter jurisdiction over LPL's claim against Frame

(Opposition at 5, 8-10 ("CPT's and Frame's conduct are for all practical purposes one and the same"));

- *Third*, LPL argues that the representation of both CPT and Frame by the law firm Howrey Simon Arnold & White, LLP somehow supports a finding of subject matter jurisdiction here (*id.* at 6);

- *Fourth*, LPL incorrectly suggests that adding CPT as a defendant here would cure the jurisdictional defects of LPL's claim against Frame (*id.* at 10, n.9) – simply put, LPL cites no authority – and there is none – for the proposition that subject matter jurisdiction can be created over a claim against one party merely by adding another party;

- *Fifth*, LPL – without citing to any misstatement – argues that Frame "grossly misstates the holding and the import of the *Chou* case." *Id.* at 12. LPL further argues that if "Frame truly has no interest in being named as an inventor, Frame can say so, withdraw all of the claims he has made in his declaration and his deposition to be an inventor…." *Id.* at 13. Despite *Chou*'s lengthy discussion of the issue and the holding of *Cole v. Gummow*, No. 3-02-CV-0705, 2003 U.S. Dist. LEXIS 18925, at *9-10 (N.D. Tx. Oct. 22, 2003) (*see* Frame's Memorandum at 15-16), LPL mistakenly asserts that any unnamed inventor has Article III standing to sue under Section 256. Further, LPL wrongly suggests that an inventor who has no ownership or other interest in the patents at issue – like Frame here – must refuse to cooperate or testify truthfully when called upon as a witness in litigation pending in federal court, and should be forced to withdraw any truthful testimony that has been given on the issue of inventorship. Frame should be allowed to respond to such absurd arguments.

2

- **Sixth**, perhaps aware that the record before this Court does not support jurisdiction, LPL attempts to forestall adjudication of the jurisdictional deficiencies of its complaint by seeking irrelevant discovery regarding the relationship between Frame and CPT. *Id.* at 13. Although Frame anticipated in part that LPL's decision to file this lawsuit was based on its desire for additional discovery (*see* Frame's Memorandum at 3), LPL's request for jurisdictional discovery was not addressed at all in Frame's motion and Frame should have the ability to demonstrate why this Court should deny LPL's request; and

- **Seventh**, LPL argues that because it "had no choice but to bring this action in Massachusetts" (*id.* at 15), this Court should find and exercise subject matter jurisdiction, notwithstanding the pendency of the action in the Central District of California before Judge Marshall. Setting aside LPL's failure to address the numerous cases cited in Frame's Memorandum supporting the dismissal of this case (*see* Frame's Memorandum at 16-20) – or to address LPL's improper conduct as a basis for dismissal (*id.* at 18-20) – Frame would like to address LPL's ludicrous suggestion that LPL can create subject matter jurisdiction out of whole cloth based on its belief that personal jurisdiction over Frame does not exist elsewhere. Moreover, while Frame is certainly an important fact *witness*, that does not automatically make Frame an essential *party* to LPL's declaratory relief action whose presence is required to allow LPL to litigate this issue (which is already being litigated in California). In any event, Frame should be allowed to respond to LPL's personal jurisdiction argument, which was not raised in his motion.

3

WHEREFORE, Frame respectfully requests that this Court permit him to file a Reply Brief and schedule a deadline for the filing of that Reply Brief that is convenient for the Court.

Defendant Robert C. Frame,
By his Attorneys,

_____
Edward D. Shoulkin (B.B.O. #555483)
TAYLOR DUANE BARTON & GILMAN, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8200
(617) 482-5350-Facsimile

Of Counsel:
Teresa M. Corbin
Glenn W. Rhodes
Christopher A. Mathews
Brian S. Kim
Michael L. Resch
HOWREY SIMON ARNOLD & WHITE, LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Fax: (213) 892-2300

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that in accordance with Local Rule 7.1 (A)(2), prior to filing this motion, we attempted to confer with counsel for L.G. Phillips LCD, Co., Ltd., regarding the subject matter of this motion and were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein.

_____

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on August 13, 2004.

_____
Edward D. Shoulkin