# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV-04 11076 (RCL) |
| | ) |
| MICHELE B. BOVIO & | ) |
| ROBERT C. FRAME, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION FOR LEAVE TO FILE OPPOSITION TO
## DEFENDANT FRAME'S MOTION TO FILE REPLY

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") files this motion for leave to file its

Opposition to Defendant Frame's Motion for Leave to File a Reply Brief. Said

Opposition is attached as Exhibit A.

Dated: August 27, 2004

Respectfully submitted,
Plaintiff,
By its attorneys,

Robert A. Murphy (BBO No. 363700)
Andrew M. Higgins (BBO No. 233800)
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

Of Counsel:
Anthony C. Roth
Corinne A. Niosi
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Fax: (202) 739-3001

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following counsel of record by first class mail on August 27, 2004:

Edward D. Shoulkin, Esq.
Andria Coletta, Esq.
Taylor Duane Barton & Gilman LLP
111 Devonshire Street
Boston, MA 02109

Christopher A. Matthews, Esq.
Michael L. Resch, Esq.
Howrey Simon Arnold & White LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071

Robert A. Murphy

8232.0/330497.1

# EXHIBIT A

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LG.PHILIPS LCD CO., LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV-04 11076 (RCL) |
| | ) |
| MICHELE B. BOVIO & | ) |
| ROBERT C. FRAME, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT FRAME
FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF HIS FRCP 12(B)(1)
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") submits this opposition to the Motion for Leave to File a Reply Brief ("Motion") submitted by Defendant Robert C. Frame ("Frame"). In the Motion, which presents Frame's reply brief argument in the guise of a request for leave to file a reply brief, Frame claims that a reply brief is necessary because LPL opposition papers raise issues and arguments "not *specifically* addressed" in Frame's Motion. Motion at 1. Frame's motion for leave to file a reply should be denied because, as shown below, Frame has already addressed the issues discussed in LPL's opposition papers and/or is seeking to respond to arguments not being made by LPL.

- *First*, Frame argues that he has provided a "written and unambiguous promise not to sue LPL" and he wants to respond to LPL's argument that his promise is "wholly illusory" in light of his actions. Motion at 1. Frame's Motion already

has addressed his alleged promise not to sue, including the fact that it is in his view unambiguous and everyone knows that the statements being relied upon by Frame are in writing because the letter from his lawyer is Exhibit 32 to his filing. Memorandum of Law in Support of FRCP 12(b)(1) Motion ("Memo") at 9. Frame also has already argued his position regarding the significance of his counsel's letter. *See* Memo. at 12-14. There is simply no basis for Frame to suggest that the nature and significance of his alleged promise not to sue was not raised and addressed in his papers in support of his Motion.

■ *Second*, Frame argues that LPL has not in his view adequately responded to certain cases cited on page 14 of his opposition papers and he wants to respond on the issue of whether "Frame's relationship with CPT is sufficient to provide the Court with subject matter jurisdiction." Motion at 1. As to the first point, the parties' papers speak for themselves. As to the second point, LPL's argument is that Frame's collusion with CPT is relevant to the significance of his alleged promise not to sue LPL. As such, this is the same issue as is discussed above and has already been addressed in Frame's motion papers. *See* Memo at 9-14.

■ *Third*, Frame next wants to respond to an argument that the dual representation of CPT and Frame by Howrey Simon creates subject matter jurisdiction over Frame. Motion at 2. That was not, however, LPL's argument. Once again, LPL's point was that the dual representation is further evidence of the collusion between Frame and CPT, which is relevant to Frame's purported promise not to sue LPL. As such, it is exactly the same

issue as is raised in Frame's first two points and he already has argued his position regarding the significance of his purported promise not to sue. *See* Memo at 9-14.

- *Fourth*, Frame again seeks to file a response to an argument that LPL is not making. The statement to which CPT wants to file a response is that LPL would file a motion to join CPT as a party (footnote 9, page 10 of LPL's opposition papers) if Frame was claiming that CPT's presence in the litigation was necessary for there to be subject matter jurisdiction over Frame. This is a response to an ambiguity in what Frame is arguing. Quite clearly, then, LPL's statement applies only if Frame is making such an argument, in which case Frame could not claim that he has not already addressed the point in his motion papers. On the other hand, if he is not making that argument, there is no need to respond because LPL will not be moving to join CPT as a party to this litigation.

- *Fifth*, Frame makes a lengthy argument regarding its interpretation of the *Chou* decision and asserts that LPL's understanding of the decision is "absurd." Motion at 2. As Frame acknowledges in noting the discussion of *Chou* on pages 15 and 16 of its motion papers, Frame has already addressed what he believes *Chou* holds. Just as Frame stated his interpretation of the Chou case, so has LPL. Obviously, presented with the parties' different understandings of *Chou*, the Court may review the decision and decide for itself without further party argument what the case holds.

- *Sixth*, after providing commentary on LPL's state of mind and objectives, Frame claims that "jurisdictional discovery was not addressed at all" in his motion papers and says he wants to respond to LPL's request to take factual discovery regarding the jurisdictional issue raised by Frame's motion. Frame himself, however, raised the discovery issue by arguing that the Court "may consider relevant evidence when a motion to dismiss challenged the factual basis for jurisdiction" and then asking the Court to find that his evidence prevents LPL from meeting its burden. *See* Memo at 11 and 14. LPL's argument that discovery is necessary is a logical corollary to Frame's own position regarding the Court relying on the parties' evidence.

- *Seventh*, in claiming that LPL has made the "ludicrous suggestion" that it could create subject matter jurisdiction, Frame again misstates the argument that LPL presents at pages 14-15 of its opposition papers. LPL's discussion about personal jurisdiction was directed to countering Frame's argument that comity requires this Court to dismiss LPL's action. LPL did not argue that personal jurisdiction would create subject matter jurisdiction. Thus, Frame should not be entitled to reiterate his arguments about comity under the guise of addressing a personal jurisdiction argument that was never made.

## Conclusion

Frame has had a fair opportunity to present his position and arguments in his Motion. LPL responded directly to Frame's points, nothing more and nothing less. As LPL did not raise new issues and Frame has already presented his position, Frame's Motion should be denied.

Dated: August 27, 2004

Plaintiff,
By its attorneys,

_____

Robert A. Murphy (BBO No. 363700)
Andrew M. Higgins (BBO No. 233800)
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900


Of Counsel:
Anthony C. Roth
Corinne A. Niosi
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Fax: (202) 739-3001


8232.0/330493.1