

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. CV-04 11076 RCL

| | |
|---|---|
| LG. PHILIPS LCD., CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) |
| MICHELE B. BOVIO & ROBERT C. FRAME, | ) |
| Defendants. | ) |

**FRCP 12(b)(2) MOTION OF DEFENDANT MICHELE B. BOVIO
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to FRCP 12(b)(2) of the Federal Rules of Civil Procedure, defendant Michele B. Bovio ("Bovio") respectfully requests that this Court dismiss plaintiff LG. Philips LCD., Co. Ltd.'s ("LPL") claim against him in this matter. This motion is brought on the ground that the exercise of personal jurisdiction over Bovio – a 72 year-old Italian citizen who has not visited the United States since 2001 – would violate the Due Process Clause of the Fifth Amendment of the United States Constitution.

LPL cannot meet its burden to establish either general or specific jurisdiction. This Court does not have general jurisdiction over Bovio because – even considering his contacts with the United States as a whole under Federal Rule of Civil Procedure 4(k)(2) – Bovio's contacts are not "continuous and systematic" and are therefore insufficient to confer general personal jurisdiction. Nor does this Court have specific jurisdiction over Bovio given that (1) he has not purposefully directed his activities at U.S. residents (*e.g.*, LPL is a Korean company) or otherwise availed himself of the benefits and protections of U.S. law; (2) LPL's alleged injury

did not arise from Bovio's contacts with the United States – rather, LPL has alleged its injuries arose from Bovio's conduct in Italy and *CPT's* conduct in the United States; and (3) the exercise of personal jurisdiction would not be reasonable due, in part, to Bovio's responsibilities to care for his wife who is 77 years old and is legally disabled due to being partially paralyzed. Because there is no personal jurisdiction over Bovio, LPL's claim should be dismissed. The legal and factual support for this Motion is set forth in the attached Memorandum of Law.

### REQUEST FOR ORAL ARGUMENT

Pursuant to D. Mass. LR 7.1(d), defendant Michele B. Bovio believes that oral argument may assist the Court and hereby requests oral argument on this motion.

The Defendant,
MICHELE B. BOVIO
By his Attorneys,

Andria Coletta (BBO No. 636930)
TAYLOR DUANE BARTON & GILMAN, LLP
111 Devonshire Street
Boston, MA 02109
(617) 654-8200

Of Counsel:
Teresa M. Corbin
Glenn W. Rhodes
Christopher A. Mathews
Brian S. Kim
Michael L. Resch
Heather Fan
HOWREY SIMON ARNOLD & WHITE, LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Fax: (213) 892-2300

### CERTIFICATE OF SERVICE

I, Andria Coletta, attorney for defendant, Michele B. Bovio, hereby certify that on August 30, 2004, I mailed a copy of the following FRCP 12(b)(2) Motion of Defendant Michele B. Bovio To Dismiss for Lack of Personal Jurisdiction by regular mail, postage prepaid, to Andrew M. Higgins, Casner & Edwards, LLP, 303 Congress St., Boston, MA 02210 and Anthony C. Roth, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Ave., N.W., Washington, D.C. 20004.

Andria Coletta