UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 23 P 4: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LG. PHILIPS LCD., CO., LTD., | ) |
| Plaintiff, | ) Civil Action No. 04-11076 (RCL) |
| vs. | ) |
| MICHELE B. BOVIO & ROBERT C. FRAME, | ) |
| Defendants. | ) |

**DEFENDANT MICHELE B. BOVIO'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Michele B. Bovio ("Bovio") hereby moves this Court for leave to file a reply memorandum of law in support of his motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The grounds for this motion are simple: LPL's memorandum of law in support of its opposition to Bovio's motion to dismiss ("LPL's Opposition") contains factual misstatements to which Bovio should have the opportunity to respond. LPL's Opposition also relies upon its interpretation of certain authority – some of which actually *support* Bovio's Motion – and Bovio respectfully requests the ability to respond to that authority as well.

**I.    LPL'S OPPOSITION CONTAINS FACTUAL MISSTATEMENTS**

In an effort to manufacture personal jurisdiction where it does not exist – and to fabricate U.S. contacts for Bovio sufficient to support that jurisdiction – LPL alleges speculative and purported ties between Bovio and the United States. The only *competent evidence* relating to Bovio's contacts, however, demonstrates that each of LPL's factual allegations are flat wrong

and do not support personal jurisdiction in this instance.

The most egregious example of LPL's overreaching concerns Bovio's company, Carena & Associati ("Carena"). LPL's Opposition states: "In addition, aside from his United States patent activity, Bovio as CEO of Carena & Associati ("Carena") most likely communicates with Security Tree™, a 'direct distributor' in California of Carena's products." LPL's Opposition at 12-13. The Declaration of Anthony C. Roth in support of LPL's Opposition ("Roth Declaration") states: "Attached as Exhibit 37 is a true and accurate copy of *webpages from Security Tree™ website* showing Carena & Associati S.r.l. of Ivrea, Italy as the maker of the 'e'-test' product sold by Security Tree™." Roth Declaration at ¶38 (emphasis added).

***LPL failed to advise the Court, however, that the webpages mentioning Carena – i.e., the same pages attached to the Roth Declaration – cannot be found on Security Tree's™ website.*** As demonstrated by the concurrently filed Affidavit of Brad Otto, the owner of Security Tree™, Security Tree™ removed from its website any reference to Carena and its products in June 2003, when it became apparent that Security Tree™ was not going to distribute or sell any of Carena's products. Exhibit A, Affidavit of Brad Otto at ¶¶ 3-4. Instead of advising the Court that it was submitting pages that were *formerly* on Security Tree's™ website and can only be found at this time through a separate Internet search which discovers *deleted* webpages, LPL remained conspicuously silent as to the origin of Exhibit 37 to the Roth Declaration. *Id.* As Mr. Otto's Affidavit also explains, Security Tree™ deleted the webpage referring to Carena and its "e-test" product after only one month pursuant to instructions from Selmont Security – the same New Hampshire company which Bovio disclosed to this Court in his declaration supporting his motion to dismiss. *See* Affidavit of Michele B. Bovio in Support of his Motion to Dismiss, filed in this Court on August 30, 2004, at ¶ 11. In any event, Bovio's spring 2003 contacts with Selmont Security are clearly not systematic and continuous and, therefore, cannot support personal jurisdiction here.

More importantly – and in stark contrast to the misleading representations made by LPL – Security Tree™ never sold or distributed any Carena products, and Mr. Otto has never

communicated with Mr. Bovio or any other Carena representative. Exhibit A, Otto Affidavit at ¶¶ 5-6. Indeed, Bovio had never heard of Security Tree™ until reviewing LPL's Opposition. Exhibit B, Affidavit of Michele B. Bovio submitted concurrently herewith at ¶ 4.

As Bovio's concurrently filed Affidavit also demonstrates, LPL's other contrived contacts also fail. *Compare, e.g.*, LPL's Opposition at 5 ("[Bovio] likely is having continuing contact with the attorneys prosecuting [certain] patent applications ... [and Bovio's status as a named inventor on certain other patents] undoubtedly requires additional contact between the prosecuting attorney and the inventor") with Exhibit B, Bovio Affidavit at ¶ 5 ("I am not having – and have not had – any contact with attorneys prosecuting any patents since 2002"). *Compare also* LPL's Opposition at 4 ("[Bovio] has obtained thirty-seven United States patents ... [and] also has at least two pending United States patent applications.") with Exhibit B, Bovio Affidavit at ¶ 5 (demonstrating that Bovio does not have and has not obtained these patents; rather, Bovio is merely listed as an inventor on them). Bovio requests the opportunity to file a reply to respond fully to these and other misstatements contained in LPL's Opposition.

Bovio suspects that LPL has raised as many potential (albeit untrue) contacts as possible in the hope that this Court will not carefully review the evidence and simply order jurisdictional discovery. Such discovery is not warranted here. Even assuming *arguendo* the substance of every contact alleged in LPL's Opposition, those contacts are not sufficiently systematic and continuous to confer general jurisdiction over Bovio. Further, because those contacts are unrelated to LPL's claim, they are also insufficient to support specific personal jurisdiction. Further, Bovio has provided *evidence* disproving those contacts, and LPL's unsubstantiated – and contradicted – allegations cannot serve as a basis for burdening Mr. Bovio with unwarranted jurisdictional discovery.

## II. THE AUTHORITY CITED BY LPL EITHER SUPPORTS BOVIO'S MOTION TO DISMISS OR DOES NOT ADDRESS THE ISSUES RAISED THEREIN

As a preliminary matter, LPL's Opposition asks this Court to ignore a well-established due process principle underlying this Motion. LPL repeatedly asserts that Bovio's status as a

foreign national is irrelevant. *See, e.g.,* LPL's Opposition at 2 ("Bovio's repeated references to the fact that he currently lives abroad are therefore irrelevant."). As explained in Bovio's Motion, however, "courts **must exercise even greater care** before exercising personal jurisdiction over ***foreign nationals***." Memorandum of Law in Support of Bovio's Motion to Dismiss ("Bovio Mem.") at 10-11 (quoting *Noonan v. Winston Co.*, 135 F.3d 85, 93 (1st Cir. 1998) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987))) (emphasis added).

In addition, LPL's Opposition fails to prove facts necessary to confer personal jurisdiction over Bovio. As stated above, for example, LPL's Opposition does not even allege – let alone prove – systematic and continuous contacts with the United States necessary to support general jurisdiction – and LPL's attempt to create such contacts out of whole cloth should be rejected.

Bovio also takes issue with LPL's reasonableness and fairness analysis. For example, LPL easily dismisses Bovio's claim of hardship based on his wife's physical condition. *See* LPL's Opposition at 17 ("[B]y emphasizing the extent of 'his responsibilities as CEO' of Carena, Bovio establishes that he is involved in activities unrelated to the care of his wife ... Bovio's commitments to his wife may require accommodations in the discovery process (*e.g.*, his deposition may have to be taken in Italy at ***his expense***....") Thus, LPL apparently would consider Bovio's caretaking responsibilities sufficient only if Bovio had no other activities. At best, this insensitive argument ignores the practicalities of Bovio's current situation. For the reasons set forth in detail in Bovio's Motion, even if LPL could meet its burden of proving this Court has jurisdiction over Bovio – which it cannot – the exercise of jurisdiction would not be reasonable and fair. *See* Bovio Mem. at 17-20.

LPL's argument relating to specific jurisdiction is more troubling because, rather than addressing the issues raised in Bovio's Motion, LPL simply ignores them. Quoting from cases such as *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985), *Moldflow Corp. v. Simcon, Inc.*, 296 F. Supp. 2d 34, 41 (D. Mass. 2003) and *Gummow v. Cole*, 2002 U.S. Dist. LEXIS 8271, *9 (N.D. Ill. 2002), Bovio's Motion makes it abundantly clear that to exercise specific jurisdiction,

LPL's claim must result *"**from alleged injuries that arise out of or relate to**"* Bovio's forum related activities. *See* Bovio Mem. at 15-17. Bovio's Motion also makes it clear that LPL has not alleged and cannot prove any injuries arising out of Bovio's forum related activities. *Id.* LPL has the burden of alleging and proving ***injuries*** arising out of Bovio's forum related activities. LPL utterly failed to do so – instead ignoring the injury-related analysis under *Burger King, Moldflow* and *Gummow* altogether. Accordingly, although it consistently sets forth Bovio's prior contacts with Massachusetts, LPL's failure to relate any injury to those contacts is fatal to its assertion of specific personal jurisdiction.

Ignoring the injury-related analysis set forth in *Burger King, Moldflow* and *Gummow* (among other cases), LPL instead cites *Viam Corp. v. Iowa Export-Import Trading Co.*, 83 F.3d 424, 427 (Fed. Cir. 1996) and *Eli Lilly & Co. v. Crabtree*, 2004 WL 828247 (S.D. Ind. 2004). Significantly, while LPL does not direct the Court to this portion of the decision, *Viam* also contains language supporting the injury-related analysis: "[W]e analyzed the problem [in *Akro*] by asking whether the patent holder 'purposefully directed his activities at residents of [the forum] and, if so, ***whether the litigation results from alleged injuries that arise out of or relate to those activities.***" *Viam*, 83 F.3d at 428 (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). LPL's other authority, *Eli Lilly*, an unpublished case from the Southern District of Indiana, does not address the injury-related analysis at all. Indeed, it is unclear whether either party even raised the requirement that the plaintiff's injuries must relate to the defendant's forum related activities. Accordingly, *Eli Lilly* does not apply the standard before this Court and is not instructive here. For these reasons, Bovio would like the opportunity to respond fully to these and other cases cited in LPL's Opposition.

Bovio hereby raises the issue again: What are LPL's alleged injuries arising out of Bovio's Massachusetts contacts? There are none. LPL's claim of specific personal jurisdiction therefore fails.

### III. CONCLUSION

For the foregoing reasons, Bovio respectfully requests the opportunity to file a reply memorandum of law in support of his motion to dismiss for lack of personal jurisdiction.

The Defendant,
MICHELE B. BOVIO
By his Attorneys,

*/s/ Edward D. Shoulkin*

Edward D. Shoulkin (B.B.O. #555483)
TAYLOR DUANE BARTON & GILMAN, LLP
160 Federal Street
Boston, MA 02110
(617) 654-8200
(617) 482-5350-Facsimile

Of Counsel:
Teresa M. Corbin
Glenn W. Rhodes
Christopher A. Mathews
Brian S. Kim
Michael L. Resch
HOWREY SIMON ARNOLD & WHITE, LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Fax: (213) 892-2300

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that in accordance with Local Rule 7.1 (A)(2), prior to filing this motion, we attempted to confer with counsel for L.G. Phillips LCD, Co., Ltd., regarding the subject matter of this motion and were unable to resolve or narrow the issues raised within this motion. Therefore, we file this motion with the Court for resolution of the issues contained herein.

*/s/ Edward D. Shoulkin*
Edward D. Shoulkin

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on September 23, 2004.

*/s/ Edward D. Shoulkin*
Edward D. Shoulkin
