FILED
IN CLERKS OFFICE

2004 SEP 23 P 4: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LG. PHILIPS LCD., CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> MICHELE B. BOVIO <br> & <br> ROBERT C. FRAME, <br><br> Defendants. | ) <br> ) Civil Action No. 04-11076 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### AFFIDAVIT OF MICHELE B. BOVIO

I, Michele B. Bovio, declare and state under the pains and penalties of perjury as follows:

1. I submit this affidavit in support of Defendant Michele B. Bovio's Motion for Leave to File a Reply Memorandum of Law in Support of His Motion to Dismiss for Lack of Personal Jurisdiction. I have personal knowledge of the matters stated herein, and if called to testify, could and would testify competently thereto.

2. I have not had any contacts with the United States or Massachusetts since 2002 – other than the contacts identified in my August 27, 2004 Affidavit – arising out of any assignments of my rights to patents and/or patent applications. The only exception is that this summer, I was contacted by an attorney who informed me of the fact that there is pending litigation concerning two patents on which I am listed as an inventor. There was only one short telephone conversation to advise me of the fact of the litigation, and the substance of the patents and the litigation was not discussed. Other than the contacts identified in my August 27, 2004 Affidavit, I have not had any contacts with the United States or Massachusetts relating to my

1

agreement to provide support to Digital Equipment Corporation's ("DEC") patent prosecution and enforcement activities.

3. Nor have I had any additional contacts with the United States or Massachusetts since 2002 with any patent prosecution attorneys in connection with any pending United States patent applications or any other patents.

4. Before reviewing the Memorandum of Law in Support of LPL's Opposition to Defendant Bovio's FRCP 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction ("LPL's Opposition"), I had never heard of Security Tree. I have never had any communications with Security Tree representatives. My only contact with the United States concerning Carena & Associati's E-test product was in Spring 2003 when I had very few preliminary communications with Selmont Secuirty, a New Hampshire company. Those communications, however, did not result in any agreement.

5. Since 2002, I have not had contacts with the United States or Massachusetts –

2

other than the contacts identified in my August 27, 2004 Affidavit and in paragraph 2 above – relating to the patents identified in LPL's Opposition. *See, e.g.*, Ex. 13. In short, I am not having – and have not had – any contact with attorneys prosecuting any U.S. patents since 2002. On page 4 of LPL's Opposition, it states: "[Bovio] has obtained thirty-seven United States patents ... [and] also has at least two pending United States patent applications." I have assigned my rights in all of these patents and, therefore, have not "obtained" these patents and do not "have" any pending United States patent applications – that is, I do not have an ownership interest in any of these patents. I am only listed as an inventor on these patents.

Executed at Ivrea, Italy.

Dated: September 22, 2004

_____
Michele B. Bovio