IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -7  P 4: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LG.PHILIPS LCD., CO. LTD, )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>MICHELE B. BOVIO & )<br>ROBERT C. FRAME, )<br>    Defendants. )<br>_____ ) | Civil Action No. 04-11076 (RCL) |

## LG.PHILIPS LCD, CO. LTD'S OPPOSITION TO BOVIO'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiff LG.Philips LCD Co., Ltd. ("LPL") hereby opposes Defendant Michele B. Bovio's motion for leave to file a reply. Bovio's motion for leave to file a reply should be denied because his motion does not demonstrate any need to file a reply, and in fact shows that LPL should be permitted to take jurisdictional discovery.

First, in his memorandum supporting his motion to dismiss, Bovio relied on certain facts to suggest that he had insufficient contacts with Massachusetts and/or the United States to support this Court's exercise of personal jurisdiction over him. LPL demonstrated in its opposition memorandum of law that Bovio had failed to disclose all of his contacts and that based on a complete picture of Bovio's contacts with Massachusetts and the United States, Bovio does have sufficient contacts to support this Court's personal jurisdiction over him. One of the many facts that LPL cited was a website showing a company in the United States offering for sale in the United States a product that Bovio's company (Carena & Associati) in Italy produces. *See* LPL Opposition at 12-13; Declaration of Anthony C. Roth ¶ 38 & Ex. 37.

1-WA/2271596.1

Although Bovio now accuses LPL of misrepresenting the nature of that evidence, Bovio is flat wrong. As the attached declaration of Martha J. Hopkins demonstrates, in preparing LPL's opposition to Bovio's motion to dismiss, LPL's counsel did an internet search for Bovio's company on Google®, and that search identified a webpage— www.counterfeit-detectors.us/ChimeAlert.html —that in turn referenced Carena & Associati. Declaration of Martha J. Hopkins ("Hopkins Decl.") ¶ 2 & Ex. A. By clicking on www.counterfeit-detectors.us/ChimeAlert.html, LPL's counsel found the webpage advertising ETEST with a copyright date of 2003. ETEST is the product made by Carena & Associati. The ETEST webpage indicates that Security Tree™ is the distributor of this product. Hopkins Decl. ¶ 3 & Ex. B. LPL's counsel performed those very same steps today and again found the ETEST webpages. *See* Hopkins Decl. ¶¶ 2-3 & Exs. A-B. Regardless of whether this webpage can be accessed from the Security Tree™ website, the ETEST webpage is still on the web indicating that Security Tree™ is a distributor of that product. That fact coupled with a copyright date of 2003 reasonably suggested that the product was available in 2003 and continues to be available. Thus, there is simply no basis for Bovio to accuse LPL of failing to be forthcoming with the Court.

Second, Bovio's reliance on Mr. Brad Otto's declaration claiming that Security Tree™ offered the "e-test" product for only one month still establishes a contact with the United States as late as 2003 that is relevant to the Federal long arm statute analysis—a contact that Bovio had not previously disclosed. At the same time, the facts regarding Security Tree™ and "e-test" do not affect the personal jurisdiction analysis under the Massachusetts long arm statute. Thus, there is no need for Bovio to file a reply.

Third, these facts actually support LPL's request for jurisdictional discovery because this evidence now shows that the New Hampshire company (Selmont Security) with which Bovio had "preliminary communications" was the same company that contacted Security Tree™ to distribute "e-test". *See* Bovio Decl. ¶ 4 and Otto Decl. ¶ 3. Facts, again, that Bovio did not fully disclose. Moreover, Bovio is now admitting to another fact about his contacts with the United States that he did not initially disclose in his motion to dismiss. He is now admitting that as late as 2002 he had contacts with the U.S. and/or Massachusetts "arising out of any assignments of [his] rights to patents and/or patent applications." Bovio Decl. ¶ 2. Yet, in his declaration filed with his motion to dismiss, he never mentioned these contacts. *See* Bovio Declaration (filed 9/1/2004) ¶ 11. These circumstances demonstrate that LPL is entitled to discovery and that Bovio is not entitled to file a reply.

Fourth, Bovio's discussion at pages 4-5 of his motion for leave merely asks for an opportunity to restate the arguments that he already made in his memorandum of law supporting his motion to dismiss. Just as Bovio has stated his interpretation of the applicable case law, so has LPL. Obviously, presented with the parties' different understandings of the relevant law, the Court may review the cases and decide for itself without further argument by Bovio on what the cases stand for.

Finally, Bovio claims that LPL has not cited any injuries arising out of Bovio's forum-related activities. Not only is claim incorrect (*see* LPL Opposition at 10-11 explaining that precise issue), it does not support Bovio's instant request for leave to file a reply and again is just another opportunity for Bovio to try to reargue his already-stated position.

Accordingly, LPL requests that the Court deny Bovio's motion for leave to file a reply.

Dated: October 7, 2004

Of Counsel:

Anthony C. Roth
Corinne A. Niosi
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000

Plaintiff,
By its attorneys,

_____
Robert A. Murphy (BBO No. 363700)
Andrew M. Higgins (BBO No. 233800)
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following counsel of record by first class mail on October 7, 2004:

Edward D. Shoulkin, Esq.
Andria Coletta, Esq.
Taylor Duane Barton & Gilman LLP
160 Federal Street, 5th Floor
Boston, MA 02109

Christopher A. Matthews, Esq.
Michael L. Resch, Esq.
Howrey Simon Arnold & White LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071

_____
Andrew M. Higgins