UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 OCT 22  P 4 2

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LG. PHILIPS LCD., CO., LTD., | ) |
| | ) Civil Action No. 04-11076 (RCL) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHELE B. BOVIO | ) |
| & | ) |
| ROBERT C. FRAME, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT ROBERT C. FRAME'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF HIS FRCP 12(b)(1) MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to this Court's October 17, 2004 Order granting in part Defendant Robert C.

Frame's ("Frame") Motion for Leave to File a Reply, Frame submits this Reply Memorandum

on arguments four, six and seven identified in the Motion for Leave. As demonstrated below,

LPL's arguments are without merit and Frame's Motion to Dismiss should be granted.

**I.    INTRODUCTION**

In its Opposition to Frame's Motion to Dismiss ("Opposition"), plaintiff LG. Philips

LCD Co., Ltd. ("LPL") made several arguments in an effort to obscure the jurisdictional defects

in LPL's claims against Frame. First, LPL suggested that it could add Chunghwa Picture Tubes,

Ltd. ("CPT") as a defendant to this litigation (Opposition at 10, n.9); second, LPL argued that it

should be permitted to conduct discovery concerning the relationship between Frame and CPT

(*id.* at 13); third, LPL argued that the Court should find and exercise subject matter jurisdiction

because personal jurisdiction does not exist elsewhere. *Id.* at 15. These arguments do not

correct the fundamental flaw in LPL's case: there is no actual controversy between LPL and

Frame because (1) Frame has advised LPL in writing that he will not sue – and has never threatened to sue – to correct inventorship on the Side-Mount Patents at issue here, and (2) Frame has assigned all of his rights to the Side-Mount Patents and, therefore, Frame does not have standing to sue LPL on these Patents. Accordingly, this Court lacks subject matter jurisdiction over LPL's claims against Frame, and Frame's Motion to Dismiss should be granted.

## II.    ARGUMENT

### A.    The Jurisdictional Defects In LPL's Claims Are Not Cured By Adding CPT As A Defendant

Since the filing of Frame's Motion for Leave to Reply, LPL has conceded that adding CPT as a defendant here would **not** establish subject matter jurisdiction over Frame:

> The statement to which CPT wants to file a response is that LPL would file a motion to join CPT as a party if Frame was claiming that CPT's presence in this litigation was necessary for there to be subject matter jurisdiction over Frame. This is a response to an ambiguity in what Frame is arguing. Quite clearly, then, LPL's statement applies only if Frame is making such an argument…. [I]f he is not making that argument … LPL will not be moving to join CPT as a party to this litigation.

LPL's Motion for Leave to File Opposition to Frame's Motion to File Reply at 3.

Frame has never suggested that CPT's presence in this litigation was necessary to establish subject matter jurisdiction over Frame. To the contrary, Frame cited substantial authority for the proposition that CPT's conduct is irrelevant to the subject matter jurisdiction analysis. *See* Memorandum of Law In Support of Frame's Motion to Dismiss ("Memorandum") at 14.

Although LPL describes Frame's argument as "ambiguous," Frame's argument is quite clear: to support subject matter jurisdiction over its claims, LPL must prove that it had and continues to have a reasonable apprehension that Frame will sue to correct the inventorship on the Side-Mount Patents. *See Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1471 (Fed. Cir.

1997). In light of Frame's written promise not to sue LPL, the lack of any threat of suit from Frame and Frame's lack of standing to sue LPL, LPL has no such reasonable apprehension of suit. CPT's presence in this case clearly would have no impact on whether LPL previously had or currently has a reasonable apprehension that it will be sued by Frame.

### B.    LPL Has Requested Discovery That Is Irrelevant To The Determination Of This Motion, And The Request Should Therefore Be Denied

LPL – aware that Frame's actions defeat jurisdiction (itself having previously made the same arguments)[1] – desperately attempts to save its claims by arguing that it has a reasonable apprehension of being sued by *CPT*. Without citing *any* authority, LPL suggests to this Court that CPT's conduct is sufficient to confer jurisdiction over the claims against Frame because Frame, as the admitted inventor, is assisting CPT in the California litigation. Opposition at 10. Based on this unsupported conspiracy theory of jurisdiction, LPL seeks to conduct discovery of Frame's relationship with CPT. *Id.* at 13-14. LPL's concocted theory is contrary to the law, however, and the relationship between Frame and CPT is irrelevant to the subject matter jurisdiction analysis underlying this motion. Accordingly, LPL's request for discovery should be denied.

As explained in detail in Frame's Memorandum, the Declaratory Judgment Act and Article III of the United States Constitution require an actual controversy between LPL and *Frame*. *See* Memorandum at 14. Thus, LPL must prove that it has a reasonable apprehension of suit caused by Frame's conduct. *Id.* (citing *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996); *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 79 (1st Cir. 1996); *GTE Directories Publishing Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1556 (9th Cir. 1989)). *Significantly, LPL completely ignored these cases.*

---

[1]    *See* Frame's Memorandum at 6-7, 13.

This well-established principle of subject matter jurisdiction is fatal to LPL's request for discovery for two independent reasons:

- First, LPL must prove that its reasonable apprehension "existed at, and has continued since, the time the [claim] was filed." *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1340 (Fed. Cir. 2001). Facts that LPL learns now clearly cannot support any reasonable apprehension in the past. Thus, because the test for subject matter jurisdiction here concerns LPL's mental state at the time (and since) LPL filed the complaint, any facts that LPL learns for the first time through the requested discovery are irrelevant.

- Second, the relationship between CPT and Frame is simply not relevant to this motion. As described above, to prove subject matter jurisdiction, LPL must prove that Frame's conduct caused it to have a reasonable apprehension that Frame would sue to correct inventorship on the Side-Mount Patents. It is undisputed, however, that Frame has promised not to sue LPL and has never threatened to sue LPL. These facts defeat subject matter jurisdiction here, and no discovery can revive LPL's claims. In short, even assuming that LPL conducted discovery and learned that CPT and Frame were acting in concert – which they were not – LPL's claims against Frame still could not survive.

As discussed throughout Frame's Memorandum (*see, e.g.,* Memorandum at 18-20), LPL's strategic filing of this lawsuit was outside the policies underlying the Declaratory Judgment Act. This lawsuit was designed to enable LPL to conduct additional discovery and to intimidate and harass Frame and Bovio, making them less willing to cooperate as fact witnesses in the case pending in California. Fearing this action will be dismissed for lack of subject matter jurisdiction, LPL hopes to accomplish its goals now under the guise of jurisdictional discovery. LPL's tactical maneuvering should be rejected, and its improper request for irrelevant discovery should be denied.

C.    **California's Lack Of Personal Jurisdiction Over Frame Is Not A Basis To Find And Exercise Subject Matter Jurisdiction Here**

In his Memorandum, Frame set forth the specific factual and legal grounds for this Court to dismiss this action given (1) the same issues are pending in the Central District of California action before Judge Marshall, and (2) LPL's improper conduct in filing this case. *See* Memorandum at 16-20 (citing 14 cases supporting dismissal of this case). In its opposition, LPL completely ignored the facts and law cited in Frame's Memorandum, instead merely relying on the facts that Frame is not a party in the California action and is not subject to personal jurisdiction there. These facts do not defeat Frame's arguments, however, and the motion should therefore be granted on these two independent grounds as well.

Although LPL's Opposition states that "Frame's assertion that these issues are before the California court is disingenuous," LPL provides *no* evidence or other argument contradicting Frame's extensive evidence demonstrating that these issues are already pending before Judge Marshall.[2] *See* Memorandum at 2-3, 7-9, 17-18. Significantly, as noted in the Opposition, LPL filed a motion to stay the portion of the case in California relating to the Side-Mount Patents, "so that this Court can adjudicate the alleged inventorship issues." Opposition at n.11. LPL's motion to stay demonstrates that these same issues are already pending in California – otherwise, there would be no need to file such a motion. More importantly, however, Judge Marshall has since *denied* LPL's motion to stay and is proceeding with the litigation of the Side-Mount Patents. *See* Affidavit of Michael L. Resch filed concurrently herewith ("Resch Aff."), Exhibit 1 (Order denying LPL's Motion to Stay Further Proceedings Related to Side-Mount Patents). The inventorship issues underlying this case are therefore proceeding forward

---

2    LPL also did not dispute the legal or factual grounds supporting dismissal given LPL's improper conduct in filing this case. *See* Memorandum at 18-20. LPL's claims should be dismissed on this independent ground as well.

in California. As explained in Frame's Memorandum, it is well established that where issues are already pending in litigation in another jurisdiction – like here – the Court should dismiss the case. *See* Memorandum at 16-18.

LPL's reliance on its inability to sue Frame in California is misplaced. As a preliminary matter, LPL concedes – as it must – that the lack of personal jurisdiction in California does not create subject matter jurisdiction here. *See* LPL's Opposition to Frame's Motion for Leave to File Reply at 4 ("LPL did not argue that personal jurisdiction would create subject matter jurisdiction."). Thus, LPL's failure to prove subject matter jurisdiction here requires dismissal of its claims despite its inability to sue Frame in California. Further, the important fact on which Frame's comity argument relies – and the one recognized by the extensive case law cited in Frame's Memorandum – is that the same *issues* are being litigated in California (in a case that was initiated by LPL over two years ago on August 29, 2004).

LPL completely ignores the case law cited by Frame and instead cites only one four-paragraph District of Massachusetts opinion for the proposition that "the possible absence of jurisdiction over all necessary and desirable parties" is one factor in deciding whether to exercise or decline jurisdiction. Opposition at 14 (citing *DuPont Pharmaceuticals Co. v. Sonus Pharmaceuticals, Inc.*, 122 F. Supp. 2d 230 (D. Mass. 2000)).

That factor does not support this Court exercising jurisdiction here, however, because Frame is not a necessary ***party*** to LPL's declaratory relief action. Although Frame is an important fact witness, his presence is not required to allow LPL to litigate this issue. This is particularly evident given that these inventorship issues are proceeding in the California action where Frame and Bovio are not parties. *See* Resch Aff., Ex. 1. Moreover, Frame and Bovio have already been deposed for one day each in the California case and have agreed to another day of questioning as well. Resch Aff. at ¶ 2. Thus, LPL has examined Frame and Bovio concerning the inventorship issues and,

therefore, cannot claim prejudice in any way if Frame and Bovio are not *parties* to a lawsuit relating to the inventorship issues.

Further, *DuPont* is similar in some respects to the cases cited by Frame and actually supports dismissal of this case. For example, the *DuPont* Court relied, in part, on the possibility of duplicative discovery and concluded that "such factors of judicial economy would support a decision declining jurisdiction." *DuPont*, 122 F. Supp. 2d at 231. The Court also relied on its broad discretion under the Declaratory Judgment Act in finding that "principles of sound judicial administration and the objectives of the Declaratory Judgment Act are best served by this Court declining jurisdiction over this matter." *Id.* As explained above and in Frame's Memorandum, even assuming LPL had met its burden of establishing jurisdiction – which it did not – these same policies justify this Court declining to exercise jurisdiction here.

## III.    CONCLUSION

For the foregoing reasons, LPL's request for discovery should be denied, and Frame's

motion to dismiss should be granted.

The Defendant,
ROBERT C. FRAME
By his Attorneys,

Edward D. Shoulkin
B.B.O. No. 555483
TAYLOR DUANE BARTON & GILMAN, LLP
160 Federal Street
Boston, Mass. 02110
(617) 654-8200

Of Counsel:
Teresa M. Corbin
Glenn W. Rhodes
Christopher A. Mathews
Brian S. Kim
Michael L. Resch
Heather Fan
HOWREY SIMON ARNOLD & WHITE, LLP
550 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 892-1800
Fax: (213) 892-2300

### CERTIFICATE OF SERVICE

I, Edward D. Shoulkin, attorney for defendant, Robert C. Frame, hereby certify that on October
22, 2004, I mailed a copy of the following Defendant Robert C. Frame's Reply Memorandum of
Law in Support of His Motion To Dismiss For Lack Of Subject Matter Jurisdiction by regular
mail, postage prepaid, to Andrew M. Higgins, Casner & Edwards, LLP, 303 Congress St.,
Boston, MA 02210 and Anthony C. Roth, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania
Ave., N.W., Washington, D.C. 20004.

Edward D. Shoulkin

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LG. PHILIPS LCD., CO., LTD., | ) | C.A. No. CV-04-11076 (RCL) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHELE B. BOVIO  & | ) | |
| ROBERT C. FRAME, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**AFFIDAVIT OF MICHAEL L. RESCH IN SUPPORT OF
DEFENDANT ROBERT C. FRAME'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF HIS FRCP 12(b)(1) MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

I, Michael L. Resch, declare and state under the pains and penalties of perjury as follows:

1.    I am an associate at the law firm of Howrey Simon Arnold & White, LLP.  I submit this affidavit in support of Defendant Robert C. Frame's Reply Memorandum of Law in Support of His FRCP 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.  I have personal knowledge of the matters stated herein, and if called to testify, could and would testify competently thereto.

2.    Messrs. Robert C. Frame and Michele B. Bovio have been deposed for one day each in the litigation between LG. Philips LCD Co., Ltd. ("LPL") and Chunghwa Picture Tubes, Ltd. in California, and each has agreed to another day of questioning as well.

3.     Attached as Exhibit 1 is a true and correct copy of Judge Marshall's October 12, 2004

Order denying LPL's Motion to Stay Further Proceedings Related to Side-Mount Patents.

_____

Michael L. Resch